**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.**

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,

v.

FRED A. LIEBOWITZ, M.D.

      Defendant.

_____/

**<u>COMPLAINT</u>**

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), sues Fred A. Liebowitz, M.D. ("Liebowitz" or "Defendant"), and alleges:

1.     This is an action for rescission of a contract of insurance over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2.     MetLife is an insurance company incorporated under the laws of the State of New York with its principal place of business in New York, and thus is not a citizen of the State of Florida.  MetLife is authorized to do business in the State of Florida.

3.     Liebowitz is a citizen of the State of Florida, with his residence in Lee County, Florida.

4.     Venue is proper in this Court.

5.     On or about January 30, 2015, Liebowitz, a pain management physician, applied to MetLife for a disability insurance policy by completing an application for coverage (the "Application").

6.    In reliance upon the truth and accuracy of the answers provided by Liebowitz in the Application and related materials, MetLife approved him for coverage, and issued to him disability insurance policy number 6679203AH (the "Policy").

7.    The Policy provided for monthly disability benefits in the amount of $16,550 per month in the event of total disability under the terms of the Policy, with benefits payable to age 65, should Liebowitz satisfy the terms of the Policy.

8.    MetLife has performed or Liebowitz has waived all conditions precedent to the bringing of the Complaint.

9.    MetLife seeks rescission of the Policy pursuant to Fla. Stat. § 627.409 and Florida law.

10.    Liebowitz incorrectly stated facts and/or omitted facts and/or concealed facts and/or made material fraudulent misrepresentations and or omissions in response to questions contained in the Application, in violation of Fla. Stat. § 627.409.

11.    The Application asked Liebowitz to provide information relating to, *inter alia*, his financial, occupational, and professional status.    Specifically, the Application asked Liebowitz the following:

> 5(i).  Are you aware of any fact that could change your occupational status or financial stability.
>
> Answered: No
>
> *****
>
> 17.  Have you EVER had a professional license suspended, revoked, or is such license under review or have you ever been disbarred?  IF **YES**, give details below.
>
> Answered: No

12.     Liebowitz's representations contained within the Application were not accurate, true and/or complete, and were affirmatively and knowingly false, as he fraudulently failed to advise MetLife that, at the time of the Application, he currently was the subject of multiple Florida Department of Health ("FDOH") investigations for improperly prescribing prescription narcotics to his patients.  Specifically, the FDOH had then pending against Liebowitz cases number 2009-23088, 2010-02186, and 2010-04931 (the "DOH Complaints").  Liebowitz was well aware of the DOH Complaints, as he was served with notice of the investigations at the time they were filed.  The DOH complaints allege, among other things, that Liebowitz, a "pain management" specialist, on multiple occasions improperly prescribed prescription pain killers to his patients.  In one of the Complaints, 2010-02186, the DOH alleged that one of Liebowitz's patients subsequently died from a drug overdose.

13.     In their *ad damnum* clauses, the DOH Complaints ask that the Board of Medicine "enter an order imposing one or more of the following penalties [on Liebowitz]: permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, corrective action, refund of fees billed or collected, remedial education and/or any other relief that the Board deems appropriate."

14.     On December 18, 2018, the State of Florida Board of Medicine entered a Final Order in the DOH Complaints, adopting a Settlement Agreement between Liebowitz and DOH (the "Order").  The Order:

   1. issued a Reprimand against Liebowitz's license;

   2. imposed a fine on Liebowitz in the amount of $30,000;

   3. directed Liebowitz to pay $38,928.35 in costs;

4.  directed Liebowitz to take Board-approved drug prescribing and record keeping courses;

5.  required Liebowitz to undergo an evaluation by Florida CARES and personally appear before the Board's Probation Committee

6.  restricted Liebowitz from prescribing, ordering, and/or delegating the prescribing or ordering of, any controlled substances.

15.    On December 18, 2018, the same day the Order was entered, Liebowitz filed a disability claim under his MetLife Policy, claiming he was disabled in his occupation as a pain management doctor due to an ankle injury.  It was during the investigation of his claim that MetLife discovered the DOH Complaints.

16.    Liebowitz's fraudulent misrepresentations and omissions as to his financial, occupational, and license status were intentionally and knowingly made for the purpose of obtaining the Policy and inducing MetLife to issue the Policy.

17.    MetLife justifiably relied on the representations made by Liebowitz in the Application, which, unknown to MetLife, contained fraudulent misrepresentations and omissions of material facts.

18.    Liebowitz's fraudulent omissions and/or concealment of facts and/or incorrect statements and/or misrepresentations contained in the Application were material to the acceptance of the risk by MetLife, and MetLife in good faith would either not have issued the Policy, would not have issued it at the same premium rate, would not have issued the Policy in as large an amount, or would not have issued the Policy with the same terms and provisions if the true facts had been known to MetLife.

19.    Because Liebowitz made the fraudulent material misrepresentations, concealments, statements and/or omissions in connection with his application for the Policy as

set forth above, and upon which MetLife relied in issuing the Policy, the Policy is *void ab initio* under Florida common law and pursuant to Fla. Stat. § 627.409.

20.     MetLife's remedy at law is inadequate and it is entitled to the equitable remedy of rescission of the Policy due to Liebowitz's fraudulent omissions of material fact and/or incorrect statements and/or concealment of facts and/or material misrepresentations.

21.     MetLife reserves the right to assert additional material misrepresentations, concealments, statements and/or omissions discovered during the course of this matter.

22.     Prior to the filing of this Complaint, MetLife tendered a check to Liebowitz refunding all premiums paid by him with respect to the Policy, with interest. Liebowitz rejected that tender.

WHEREFORE, Plaintiff, Metropolitan Life Insurance Company, prays that this Court enter an Order rescinding the Policy, and declaring that Liebowitz has no right, title, or interest in the Policy, awarding MetLife its costs, and granting MetLife such other and further relief as this Court deems just and proper.

Dated, April 15, 2020.

Respectfully submitted,
**SHUTTS & BOWEN LLP**
*Attorneys for MetLife*
Suite 4100
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 381-9982

By:    */s/ John E. Meagher*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts.com*
Jeffrey M. Landau
Florida Bar No. 863777
*jlandau@shutts.com*