UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

            Plaintiff,

v.                                    Case No:  2:20-cv-276-JES-MRM

FRED A. LIEBOWITZ,

            Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Complaint Due to This Court's Lack of Subject Matter Jurisdiction (Doc. #38) filed on January 28, 2021.  Plaintiff filed a Response in Opposition (Doc. #46) on February 18, 2021, to which defendant filed a Reply (Doc. #50) on March 10, 2021.  For the reasons set forth below, the motion is denied.[1]

**I.**

Plaintiff Metropolitan Life Insurance Company (plaintiff or MetLife) initiated this matter by filing a one-count Complaint against defendant Fred A. Liebowitz (defendant or Dr. Liebowitz).

_____

[1] Defendant requests the Court hold a hearing on his motion. (Doc. #38, p. 10.)  The Court finds oral argument is unnecessary to decide the motion and, therefore, that request will be denied.

(Doc. #1.)   The Complaint alleges that Dr. Liebowitz is a pain management physician who filed an application with MetLife for a disability insurance policy in January 2015.   (Id. ¶ 5.)   MetLife approved Dr. Liebowitz for coverage and issued him a disability policy (the Policy).   (Id. ¶ 6.)

The Complaint alleges that in December 2018 Dr. Liebowitz submitted a claim under the Policy for an ankle injury.   (Id. ¶ 15.)   During its investigation of this claim, MetLife discovered what it believes to be false information or omissions in the application filed by Dr. Liebowitz regarding his financial, occupational, and professional status.   (Id. ¶¶ 10-12, 15.) Specifically, the Complaint alleges Dr. Liebowitz failed to advise MetLife that he was the subject of multiple Florida Department of Health (DOH) investigations for improperly prescribing narcotics to patients.   (Id. ¶ 12.)   These investigations would subsequently lead to the DOH issuing a reprimand against Dr. Liebowitz's license, imposing a fine and costs, and restricting Dr. Liebowitz from prescribing controlled substances.   (Id. ¶ 14.)

In response to learning these facts, MetLife returned all premiums paid by Dr. Liebowitz with respect to the Policy, with interest.   (Id. ¶ 22.)   Dr. Liebowitz rejected the tendered refund. (Id.)

The Complaint seeks "rescission of the Policy pursuant to Fla. Stat. § 627.409 and Florida law."[2]  (Id. ¶ 9.)  According to the Complaint, MetLife (1) justifiably relied on Dr. Liebowitz's fraudulent misrepresentations and omission of material facts in the application, and (2) would not have issued the Policy had it known the true facts.  (Id. ¶¶ 17, 18.)  The Complaint asserts the Policy "is *void ab initio* under Florida common law and pursuant to Fla. Stat. § 627.409."  (Id. ¶ 19.)  Federal jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Id. ¶ 1.)

Dr. Liebowitz filed a Second Amended Answer, Affirmative Defenses and Counterclaim.  (Doc. #32).  Dr. Liebowitz's two-count Counterclaim seeks declaratory relief as to whether, among other things, MetLife had the right to unilaterally rescind the Policy and whether MetLife must honor the Policy by payment of disability benefits.  (Id. ¶¶ 1, 27.)  Dr. Liebowitz seeks a declaration that "the disability policy issued to [him] by MetLife to be in full force and effect."  (Id. at ¶ 27.)

---

[2] Section 627.409(1), Florida Statutes, permits recission of an insurance policy for a "misrepresentation, omission, concealment of fact, or incorrect statement."  § 627.409, Fla. Stat.; Travelers Cas. & Sur. Co. of Am. v. Mader Law Grp., LLC, 2014 WL 5325745, *4 (M.D. Fla. Oct. 20, 2014). Rescission is also available under Florida common law.  See Gamez v. ACE Am. Ins. Co., 2012 WL 12864985, *2 (S.D. Fla. May 9, 2012).

Dr. Liebowitz subsequently filed the current motion to dismiss for lack of subject matter jurisdiction. (Doc. #38.) The motion asserts that although the Complaint seeks to have the Policy rescinded pursuant to Florida law, the Complaint "failed to advise this Court that Plaintiff had already unilaterally rescinded the very same insurance policy in December of 2019." (Id. p. 2.) Attached as an exhibit to the motion is a December 30, 2019 Notice of Rescission from MetLife to Dr. Liebowitz. (Doc. #38-1, p. 12.) In the Notice, MetLife describes the DOH issues it had discovered and states the following:

> Because the Application failed to disclose material facts as stated above, MetLife declares the above numbered policy rescinded and null and void and denies any liability thereunder. Regarding the claim for disability benefits filed by Dr. Liebowitz, as we have declared the policy rescinded and null and void, we do not find that benefits would be payable, and the claim has been denied.

(Id. p. 13.) Dr. Liebowitz argues that by unilaterally rescinding the Policy MetLife has deprived this Court of subject matter jurisdiction over the Complaint's rescission claim. (Doc. #38, pp. 3-10.) Dr. Liebowitz relies mainly on decisions from outside this circuit. (Id. p. 7) (citing Syringa Networks, LLC v. Idaho Dep't of Admin., 367 P.3d 208, 221 (Idaho 2016); Guidiville Band of Pomo Indians v. NGV Gaming, Ltd., 531 F.3d 767, 783 (9th Cir. 2008)).

**II.**

**A. Legal Standards**

Dr. Liebowitz seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. #38, p. 1.) Rule 12(b)(1) motions challenging the subject matter jurisdiction of the Court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the Court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, irrespective of the pleadings, and the Court may consider extrinsic evidence. Id. Here, the motion to dismiss is based on MetLife's prior rescission of the Policy, a fact which, as acknowledged by Dr. Liebowitz, is not contained within the Complaint. Accordingly, Dr. Liebowitz's motion constitutes a factual challenge to subject matter jurisdiction.

**B. Analysis**

The Court will accept and consider the December 30, 2019 Notice of Rescission in which MetLife told Dr. Liebowitz that it "declares the above numbered policy rescinded and null and void and denies any liability thereunder." (Doc. #38-1, p. 13.) Dr. Liebowitz's argument is straightforward: because MetLife has already unilaterally rescinded the Policy, "this Court lacks

subject matter jurisdiction to entertain Plaintiff's Complaint for rescission over a policy that has no existence."  (Doc. #38, p. 9.)

It is certainly true that a federal court may only entertain an actual dispute.  See Digit. Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review.").  But the case or controversy requirement is clearly satisfied in this case.  Dr. Liebowitz's Counterclaim clearly disputes whether the Policy was properly rescinded, asserting that he is still owed benefits under the Policy.

It is also true that dismissal for lack of subject matter jurisdiction is proper when a claim is so "completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998).  MetLife's Complaint clearly cannot be so characterized.  Under Florida law, a plaintiff must adequately plead six facts in order to state a cause of action for recission of a contract:

> (1) [t]he character or relationship of the parties; (2) [t]he making of the contract; (3) [t]he existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (4) [t]hat the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission; (5) [i]f

the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; [and] (6) [l]astly, that the moving party has no adequate remedy at law.

Barber v. Am.'s Wholesale Lender, 542 F. App'x 832, 836 (11th Cir. 2013) (quoting Billian v. Mobile Corp., 710 So.2d 984, 991 (Fla. 4th DCA 1998)). Accordingly, MetLife must allege that it rescinded the Policy to state a recission claim. Thus, contrary to Dr. Liebowitz's position, rescinding the Policy did not deprive this Court of subject matter jurisdiction, but was necessary to state a Florida state-law rescission claim.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint Due to This Court's Lack of Subject Matter Jurisdiction (Doc. #38) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of May, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

7