```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

         Plaintiff,

v.                              Case No:  2:20-cv-276-JES-MRM

FRED A. LIEBOWITZ,

         Defendant.
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion for Judgment on the Pleadings (Doc. #55) filed on May 14, 2021. Plaintiff filed an Opposition (Doc. #57) on May 28, 2021. For the reasons set forth below, the motion is denied.

**I.**

The Court previously described the factual and procedural history of this case as follows:

> Plaintiff Metropolitan Life Insurance Company (plaintiff or MetLife) initiated this matter by filing a one-count Complaint against defendant Fred A. Liebowitz (defendant or Dr. Liebowitz). (Doc. #1.) The Complaint alleges that Dr. Liebowitz is a pain management physician who filed an application with MetLife for a disability insurance policy in January 2015. (Id. ¶ 5.) MetLife approved Dr. Liebowitz for coverage and issued him a disability policy (the Policy). (Id. ¶ 6.)
>
> The Complaint alleges that in December 2018 Dr. Liebowitz submitted a claim under the Policy for an ankle injury. (Id. ¶ 15.) During its investigation of this

claim, MetLife discovered what it believes to be false information or omissions in the application filed by Dr. Liebowitz regarding his financial, occupational, and professional status. (Id. ¶¶ 10-12, 15.) Specifically, the Complaint alleges Dr. Liebowitz failed to advise MetLife that he was the subject of multiple Florida Department of Health (DOH) investigations for improperly prescribing narcotics to patients. (Id. ¶ 12.) These investigations would subsequently lead to the DOH issuing a reprimand against Dr. Liebowitz's license, imposing a fine and costs, and restricting Dr. Liebowitz from prescribing controlled substances. (Id. ¶ 14.)

In response to learning these facts, MetLife returned all premiums paid by Dr. Liebowitz with respect to the Policy, with interest. (Id. ¶ 22.) Dr. Liebowitz rejected the tendered refund. (Id.)

The Complaint seeks "rescission of the Policy pursuant to Fla. Stat. § 627.409 and Florida law." (Id. ¶ 9.) According to the Complaint, MetLife (1) justifiably relied on Dr. Liebowitz's fraudulent misrepresentations and omission of material facts in the application, and (2) would not have issued the Policy had it known the true facts. (Id. ¶¶ 17, 18.) The Complaint asserts the Policy "is *void ab initio* under Florida common law and pursuant to Fla. Stat. § 627.409." (Id. ¶ 19.) Federal jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Id. ¶ 1.)

Dr. Liebowitz filed a Second Amended Answer, Affirmative Defenses and Counterclaim. (Doc. #32). Dr. Liebowitz's two-count Counterclaim seeks declaratory relief as to whether, among other things, MetLife had the right to unilaterally rescind the Policy and whether MetLife must honor the Policy by payment of disability benefits. (Id. ¶¶ 1, 27.) Dr. Liebowitz seeks a declaration that "the disability policy issued to [him] by MetLife to be in full force and effect." (Id. at ¶ 27.)[1]

---

[1] Dr. Liebowitz has since filed a Third Amended Answer, Affirmative Defenses, and Counterclaim (Doc. #58), but the differences between second and third versions are negligible.

(Doc. #54, pp. 1-3 (footnote omitted)).

Dr. Liebowitz previously filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. #38.) Dr. Liebowitz argued that because MetLife had previously unilaterally rescinded the Policy, the Court lacked subject matter jurisdiction over the Complaint's rescission claim. (Id. pp. 3-10.) The Court rejected the argument, finding that under Florida law "MetLife must allege that it rescinded the Policy to state a rescission claim." (Doc. #54, p. 7.)

Dr. Liebowitz has now filed the motion for judgment on the pleadings currently before the Court. (Doc. #55.) In it, Dr. Liebowitz argues that the Complaint fails to make factual allegations necessary to plead a recission claim, and therefore the Complaint is fatally defective. (Id. p. 4.) Because the pleadings are closed, Dr. Liebowitz requests the Court enter judgment in his favor on MetLife's rescission claim. (Id. p. 5.)

## II.

### A. Legal Standard

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially

3

noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Id. A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted).

### B. Analysis

Under Florida law, a plaintiff must adequately plead six facts in order to state a cause of action for recission of a contract:

> (1) [t]he character or relationship of the parties; (2) [t]he making of the contract; (3) [t]he existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (4) [t]hat the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission; (5) [i]f the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; [and] (6) [l]astly, that the moving party has no adequate remedy at law.

Barber v. Am.'s Wholesale Lender, 542 F. App'x 832, 836 (11th Cir. 2013) (quoting Billian v. Mobile Corp., 710 So.2d 984, 991 (Fla. 4th DCA 1998)). The Florida Supreme Court has further stated that a party seeking recission must

> allege facts which show that upon discovery of the mistake he, with reasonable promptness, denied the contract as binding upon him and that thereafter he was consistent in his course of disavowal of it. For if,

4

> after acquiring knowledge of the mistake, he either remains silent when he should speak or in any manner recognizes the contract as binding upon him, ratifies or accepts the benefits thereof, he will be held to have waived his right to rescind.

Rood Co. v. Bd. of Pub. Instruction of Dade Cty., 102 So. 2d 139, 141 (Fla. 1958).

In his motion, Dr. Liebowitz argues that the Complaint fails to allege MetLife (1) rescinded the Policy and (2) did so promptly after discovery of the grounds justifying rescission. (Doc. #55, p. 4.) Dr. Liebowitz argues this failure renders the Complaint fatally deficient and justifies judgment in his favor. (Id. pp. 4-5.) The Court disagrees.

While Dr. Liebowitz is correct that the Complaint does not specifically allege MetLife rescinded the policy promptly after discovery of Dr. Liebowitz's alleged misrepresentations, that is the inference when viewing the allegations in the light most favorable to MetLife. Hawthorne, 140 F.3d at 1370. The Complaint alleges MetLife discovered Dr. Liebowitz's misrepresentations while investigating his disability claim, and that prior to filing the Complaint it tendered a check to Dr. Liebowitz refunding all premiums he had paid with respect to the Policy. (Doc. #1, ¶¶ 15, 22.) It also alleges MetLife performed all conditions precedent to filing suit. (Id. ¶ 8); see also Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

5

The Court finds such allegations sufficient to infer MetLife rescinded the policy promptly after discovery of Dr. Liebowitz's misrepresentations, and therefore the Complaint sufficiently alleges facts to state a claim for rescission. See Lake v. Howell, 2014 WL 12695693, *4 (N.D. Ga. June 16, 2014) (recognizing that "technically" defendant may be correct that plaintiff failed to allege specific facts, but nonetheless denying motion for judgment on the pleadings because of the reasonable inferences arising from the complaint's allegations).[2]

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Judgment on the Pleadings (Doc. #55) is **DENIED**.

---

[2] It is worth noting that there is no dispute among the parties that MetLife rescinded the Policy prior to filing the Complaint. Not only does Dr. Liebowitz admit MetLife attempted to refund the premiums, he has filed counterclaims challenging the appropriateness of MetLife's unilateral rescission. (Doc. #58, pp. 4, 12-30.) Dr. Liebowitz has also provided the Court with a copy of the letter MetLife sent informing him the Policy was rescinded. (Doc. #38-1, pp. 12-14.) The letter indicates MetLife confirmed the DOH investigations in June 2019 and rescinded the Policy in December 2019. (Id. pp. 12-13.) Whether this constitutes "reasonable promptness" is a question of fact beyond the scope of a motion for judgment on the pleadings. See E. Portland Cement Corp. v. F.L. Smidth Inc., 2009 WL 3010820, *5 (M.D. Fla. Sept. 16, 2009) (noting that whether "notice was given with reasonable promptness is generally a question of fact"); Orlando Nightclub Enters., Inc. v. James River Ins. Co., 2007 WL 4247875, *5 (M.D. Fla. Nov. 30, 2007) (noting that judgment on the pleadings would be inappropriate because of a question of fact).

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record